# United States Court of Appeals for the Fifth Circuit

_____

No. 24-60144
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

October 11, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

CHRISTOPHER MOORE,

*Defendant—Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:23-CR-69-1

_____

Before BARKSDALE, HAYNES, and WILSON, *Circuit Judges.*

PER CURIAM:[*]

Christopher Moore appeals his above-Guidelines 50 months' sentence, imposed following his guilty-plea conviction for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Moore asserts his sentence is substantively unreasonable, maintaining the court: overlooked

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

important mitigating evidence; and afforded too much weight to his criminal history.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

An above-Guidelines sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). Review of a sentence's substantive reasonableness is "highly deferential" to the district court. *Id.* (citation omitted). A defendant's criminal history, including whether any prior offenses are not accounted for by the advisory Guidelines sentencing range, is "one of the factors that a court may consider in imposing a non-Guideline sentence". *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). For the following reasons, there was no abuse of discretion.

The district court properly considered the 18 U.S.C. § 3553(a) sentencing factors, the presentence investigation report, Moore's sentencing memorandum and letters supporting his good character, and Moore's criminal history. *See Diehl*, 775 F.3d at 724. The court decided, however, that countervailing factors, including Moore's prior guilty-plea conviction

for manslaughter, which was not accounted for by the Guidelines because of the age of the offense, made its sentence appropriate. Although Moore may disagree with how the relevant considerations were balanced, our court will not independently reweigh the § 3553(a) factors or substitute our own judgment for that of the district court. *E.g.*, *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017). Additionally, the extent of the upward variance was not unreasonable. *E.g.*, *United States v. Hudgens*, 4 F.4th 352, 359 (5th Cir. 2021) (noting even "major" upward variance is generally reasonable when it falls within the statutory maximum sentence and finding 119-month upward variance was reasonable). And, even if our court agreed with Moore that the district court should have given greater weight to mitigating factors, this "is not a sufficient ground for reversal". *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).

AFFIRMED.